Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3315

DONN A. KERR,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Donn A. Kerr, of Marietta, Ohio, pro se.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and William F. Ryan, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3315

DONN A. KERR,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

---

DECIDED: January 9, 2007

---

Before MICHEL, <u>Chief Judge</u>, SCHALL and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Donn A. Kerr petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Department of the Army ("Army" or "agency") removing him from his position as a motor vehicle operator with the Corps of Engineers. <u>Kerr v. Dep't of the Army</u>, No. CH0752050648-I-1 (M.S.P.B. May 17, 2006) ("<u>Final Decision</u>"). We <u>affirm</u>.

DISCUSSION

I.

The Army removed Mr. Kerr from his position effective April 21, 2005, and Mr. Kerr timely appealed his removal to the Board. Thereafter, following an evidentiary hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision in which she affirmed the agency's action. <u>Kerr v. Dep't of the Army</u>, No. CH0752050648-I-1 (M.S.P.B. Dec. 16, 2005) ("<u>Initial Decision</u>"). In so doing, the AJ sustained six of the agency's seven charges against Mr. Kerr. The sustained charges were (1) willful misuse of a government vehicle, <u>Initial Decision</u> at 13-15; (2) use of a government credit card to charge for the purchase of fuel used for unauthorized travel in a government vehicle vehicle, <u>id.</u> at 15-16; (3) submission of a travel voucher claiming lodging expenses which were not incurred, <u>id.</u> at 16-20; (4) making a threatening remark to a fellow employee, <u>id.</u> at 22-25; (5) being discourteous toward fellow employees, <u>id.</u> at 25-31; and (6) being discourteous toward his supervisor, <u>id.</u> at 31-36. At the same time, the AJ rejected Mr. Kerr's affirmative defenses that he had been denied due process and that the agency's removal action was in reprisal for engaging in Equal Employment Opportunity activity and for filing grievances. <u>Id.</u> at 37-38. Finally, the AJ determined that Mr. Kerr's removal promoted the efficiency of the service, <u>id.</u> at 39-40, and that the penalty of removal, when considered in light of the pertinent <u>Douglas</u> factors, <u>see</u> <u>Douglas v. Veterans Admin.</u>, 5 M.S.P.R. 280 (1981), was reasonable, <u>Initial Decision</u> at 40-44.

The <u>Initial Decision</u> became the final decision of the Board when the Board denied Mr. Kerr's petition for review for failure to meet the criteria for review set forth at

5 C.F.R. § 1201.115(d). <u>Final Decision</u>. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); <u>Kewley v. Dep't of Health & Human Servs.</u>, 153 F.3d 1357, 1361 (Fed. Cir. 1998). The decision of the Board in this case is none of these.

Mr. Kerr's main argument on appeal is that the Board erred in sustaining the six charges noted above. Thus, he complains that the Board took testimony "out of context," failed to consider his testimony or the testimony of his witnesses, and generally failed to "take into account information in the record." In essence, Mr. Kerr is arguing that the decision of the Board is not supported by substantial evidence. The contention is without merit. In the <u>Initial Decision</u>, which is exhaustive, the AJ thoroughly marshaled the evidence and carefully explained why that evidence supported the Army's case against Mr. Kerr. In so doing, the AJ made credibility determinations, which are virtually unreviewable by this court. <u>Frey v. Dep't of Labor</u>, 359 F.3d 1355, 1361 (Fed. Cir. 2004).

Also without merit is Mr. Kerr's argument that, in reviewing the penalty, the AJ only mentioned some of the <u>Douglas</u> factors. However, the AJ was not required to consider all of the <u>Douglas</u> factors. She only had to take into account the <u>Douglas</u>

2006-3315                              3

factors that were pertinent.  See Farrell v. Dep't of the Interior, 314 F.3d 584, 594 (Fed. Cir. 2002).  That is what the AJ did.  She briefly discussed the facts relevant to ten of the twelve Douglas factors; went into detail discussing Mr. Kerr's offenses; and considered the standard penalties for the offenses, the notice Mr. Kerr received, the possibility of rehabilitation, and any mitigating circumstances.  Initial Decision at 41-44. We see no error in the decision of the Board to sustain the penalty of removal.[*]

For the forgoing reasons, the final decision of the Board is affirmed.

---

[*]     We have considered the other arguments raised by Mr. Kerr and have found them to be without merit.